IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID MARC RATCLIFF,

          Plaintiff,

                                 CIVIL ACTION
   vs.                            No. 05-3359-SAC

E.J. GALLEGOS, et al.,

          Defendants.


ORDER


    This matter is before the court on a civil rights action filed by a prisoner in federal custody.  Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

    By an earlier order (Doc. 3), the court directed the plaintiff to supplement the record to demonstrate his use of the administrative grievance procedure.  Plaintiff filed a timely response (Doc. 4).  Having examined the record, the court enters the following findings and order.

**Background**

    At all times relevant to the complaint, the plaintiff was incarcerated at the United States Penitentiary, Leavenworth, Kansas, in the Special Housing Unit (SHU).  The plaintiff was

transferred from that facility in June 2005 to the United States Penitentiary, Pollock, Louisiana.

Plaintiff commenced this action in September 2005.  He alleges that his assignment to the SHU from approximately September 2003 until his transfer in June 2005 violated his constitutional rights.  He specifically alleges that the failure to transfer him was in retaliation for his use of administrative grievances (Doc. 1, p. 3, Ct. 1), that the prolonged segregation violated the Eighth Amendment by subjecting him to inhumane conditions and a substantial risk of serious harm (id., Ct. 2), and that he was subjected to atypical and significant hardship by the denial of institutional programs and income and by psychological stress and harm (id., p. 4, Ct. 3).

The plaintiff's first request for administrative review complains of his extended placement in the SHU (Doc. 4, Ex. A, informal attempt to resolve).  The response to that request stated that the counselor could not resolve the matter.  Id.

Plaintiff next filed a formal grievance with the Warden, stating that he was placed in the SHU since September 2003 and had been advised that he would be transferred shortly.  (Ex. B).  The Warden's response noted that a review had been

2

conducted, and that a recommendation for plaintiff's transfer had been submitted in December 2003.  The Warden also found that plaintiff had been away from the facility between October 2004 until February 2005, and that upon his return, he again was placed in the SHU pending transfer.  (Ex. C.)

Plaintiff filed an appeal, asserting that he had not received an explanation for his placement in the SHU and stating that other prisoners who were charged in the escape attempt had been released.  (Ex. D.)  The Regional Administrator's response explained that the SHU placement was based upon plaintiff's safety and maintaining institutional order.  The Regional Administrator also noted that plaintiff had been transferred from the Leavenworth facility in June 2005.  (Ex. E.)

Plaintiff then filed an appeal to the national level complaining that he had been held for no reason due to "administrative vindictiveness."  (Ex. F.)  Plaintiff states that he received no response to that appeal.

## Discussion

The Prison Litigation Reform Act requires prisoners challenging "prison conditions" to exhaust all administrative remedies before bringing a civil rights action.  42 U.S.C.

§ 1997e(a).

In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."   Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

It also is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice."   Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Here, the grievances submitted by the plaintiff do not contain the same allegations he presents in his complaint, as the complaint alleges retaliation arising from plaintiff's use of the grievance procedure, complaints concerning plaintiff's access to prison programs and work assignment, and the risk of serious psychological harm arising from segregated confine-ment.  Because these specific claims were not included in the

4

grievances, the grievances "did not further the purposes of the PLRA's exhaustion requirement – allowing prisons to address specific complaints internally to obviate the need for litigation, filtering out frivolous claims, and creating a useful treatment record...."   <u>Ross</u>, 365 F.3d at 1188. Accordingly, the court concludes this matter must be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to present his claims through the administrative grievance procedure.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 14th day of February, 2006.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

5